# UNITED STATES DISTRICT COURT
For the
Middle District of Florida
Civil Division

Case No. 3:20-cv-257-J-39JBT

| | |
|---|---|
| SAMUEL WILLIAM MILLER | ) |
| | ) |
| Plaintiffs | ) |
| | ) Jury Trial: No |
| -v- | ) |
| | ) |
| CITY OF JACKSONVILLE, | ) |
| MONIQUE NICHOLS, | ) |
| KATY HARRIS, and JANE DOE | ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

**AND REQUEST FOR INJUNCTION**
(Non-Prisoner Complaint)

FILED 2020 MAR 13 AM 11:44 CLERK, US DISTRICT COURT MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DISTRICT

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

1) Samuel William Miller, husband of Tatiana Miller, having a residential address of 7633 Hare Avenue, Apartment 106, Jacksonville, FL 32211, located in Duval County, Telephone: (904) 502-3823, email: sam@samuelwmiller.com

2) Tatiana Miller, spouse of Samuel Miller, having a residential address of 7633 Hare Avenue, Apartment 106, Jacksonville, FL 32211, located in Duval County, Telephone: (904) 502-3823, email: tatyana@russianfineart.com

B. **The Defendant(s)**

Defendant No. 1
City of Jacksonville, is at all times material herein operating the Jacksonville Housing Authority, located at 1300 Broad Street, Jacksonville Florida 32202, Duval County, Telephone: (904) 630-3810

Defendant No. 2
: Monique Nichols, is at all times material herein working as a case manager for the Jacksonville Housing Authority, located at 1300 Broad Street, Jacksonville Florida 32202, Duval County, Telephone: (904) 630-3810, email: mnichols@jaxha.org

Defendant No. 3
: Katy Harris, is at all times material herein an attorney with the Office of General Counsel, City of Jacksonville, located at 117 West Duval Street, Ste 480, Jacksonville Florida 32202, Duval County, Telephone: (904) 255-5100, email: katyh@coj.net

Defendant No. 4
: Jane Doe, is at all times material herein the supervisor of Monique Nichols for the Jacksonville Housing Authority, located at 1300 Broad Street, Jacksonville Florida 32202, Duval County, Telephone: (904) 630-3810

## II. Basis for Jurisdiction

A. This court's jurisdiction is invoked under 42 U.S.C. § 1983, which grants original jurisdiction for deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws].

B. This court's jurisdiction is invoked under 42 U.S.C. § 1983 which allows for claims against State or local officials for deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws] who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

C. The following constitutional or statutory rights is/are being violated by state or local officials:

The equal protection clause of the Fourteenth Amendment which prohibits the deprivation of any rights, privileges, or immunities by a state or local government and its officials. The Plaintiff(s) had the right to file a complaint with the Housing and Urban Development Office of the Inspector General against the Defendants without retaliation by the Defendants

    D.    The Plaintiff(s) had the right to file a complaint with the Housing and Urban Development Office of the Inspector General against the Defendants without retaliation, the Defendant City of Jacksonville had established policies of inaction such that discriminated against veterans participating in the VA-Vash program. This enactment and inaction was instituted by the Defendants Monique Nichols, and Jane Doe under the specific instructions from Defendant Katy Harris under color of law against the Plaintiff(s) which threatened termination from the VA-Vash program, the denial of Tier 1 Federal Identification in a Federal HUD program constituting discrimination by means of National Origin, reduction in housing voucher amounts below HUD standards administered nationwide or as published by HUD for the specific zip codes, imposition of policies designed to discriminate against VA-Vash participants in the State of Florida not consistent with other states or other HUD section 8 participants, denial of housing, increased participating income from the Plaintiff's social security retirement fund in excess of Federal HUD guidelines, refusal to cover utility expenses reimbursed by HUD, enactment and inaction of municipal policy inconsistent with Federal guidelines to have practically the force of law.

## III.  Statement of Claim

    A.    Events occurred at 7633 Hare Avenue, Apt 106, Jacksonville, FL 32211

    B.    Events occurred between April 2018 to the present

    C.    Fact underlying the claim:

        1.    Plaintiff(s) enter VA-Vash in April 2018 after losing home to Hurricane Mathew, and was forced to take an apartment at 7633 Hare Ave #106 because of the dollar amount on the voucher was so low.

        2.    During the two years of rental, over 30% of the time the septic system did not function leaving raw sewage in the apartment, had no heat, mold and mildew, and the air conditioner did not work. The Plaintiff(s) sought repairs weekly, and filed numerous complaints with Jacksonville Housing Authority, namely Defendant Monique Nichols.

        3.    During the second year, the property was sold to SAAR Management, but no repairs were done that would complete the Plaintiff(s) apartment, the septic system was not repaired and raw sewage continued, but attempts to keep it working were done once per week with the Plaintiff(s) going without septic most weekends.

        4.    The Plaintiff(s) health continued to declined and stress from the living conditions became unbearable so the Plaintiff(s) filed complaints with the city and government agencies over the living conditions that was supposed to be overseen by the City of Jacksonville.

        5.    The Plaintiff(s) received a verbal offer to break the lease from SAAR Management so they sought a voucher amount from Defendant Monique Nichols who refused to give any amount in which to make a decision

       unless the Plaintiff(s) terminated their lease and would be homeless. This decision was supported by Defendant Jane Doe when the Plaintiff(s) pressed Jacksonville Housing Authority for an answer.

6. The Plaintiff(s) filed a HUD OIG complaint over Jacksonville Housing Authority refusal to correct the living conditions, along with other environmental agencies over the spillage of raw sewage into the St. Johns river that the City of Jacksonville was clearly aware of.

7. The Jacksonville Housing Authority sent a surprise inspection of the Plaintiff(s) apartment noting numerous failures to comply with both state and federal guidelines whereby forcing the abatement of the apartment while choosing to ignore another 429 apartments in the same condition.

8. The Plaintiff(s) had contacted HUD directly and discovered that the amount of the vouchers was shorted by over $200 per month verses what they should have been at the lowest level. To ensure that the Plaintiff(s) could afford an apartment, Plaintiff Samuel Miller filed for early Social Security Retirement which granted him $628 per month and notified Jacksonville Housing Authority.

9. Defendant(s) Jane Doe and Monique Nichols arranged for a new voucher review on March 4, 2020 and met with the Plaintiff(s) to discuss the claim for damages filed with the City of Jacksonville. During those meetings, Defendant(s) Katy Harris and Jane Doe was present who specifically stated that they were going to terminate the Plaintiff(s) from the VA-Vash program using the excuse that if Plaintiff Tatiana Miller did not get a Florida Drivers License despite producing a Certificate of Naturalization proving her identity. Further, the voucher given the Plaintiff(s) was less than before with more than that HUD guidelines to be taken from the Plaintiff(s) social security retirement. Noting that the amount of the voucher would not be enough to rent any apartment in Jacksonville.

10. The Plaintiff(s) located an apartment in Atlantic Beach for $1202/mo which when added with the voucher amount of $748 for that zip code plus the Plaintiff(s) SSI would be acceptable by the property owner. During the verification check, the property manager called Defendant Monique Nichols who informed the property manager that the Plaintiff(s) were not allowed to rent any apartment and cannot exceed $748 per month contrary to HUD guidelines in all other states.

11. Under HUD guidelines the amount at the 40% median level for 32233 was $948, as such the voucher was not just $200 less than it should be, it was $50 higher than what HUD defined as the maximum mandatory amount of contribution from unearned income, but also did not include utilities.

## IV.    Irreparable Injury

As a result of the current actions by the Defendant(s) they will be legally homeless on April 1, 2020, as the City of Jacksonville has abated the Plaintiff(s) apartment and blocked the Plaintiff(s) from obtaining housing by the reduced amounts outside of HUD guidelines, the blockage of allowing the Plaintiff(s) to use to SSI retirement funds to supplement the existing

voucher and the non-compliance with HUD guidelines applied to other veterans in similar circumstances in other states. Both Plaintiff(s) have existing heart conditions and the additional stress from the living conditions is not repairable when added to the retaliation exhibited by the Defendant(s). When coupled with the statement from Defendant Katy Harris that she intends to see that the Plaintiff(s) leave the HUD-Vash program requires intervention to prevent further damage to the Plaintiff(s).

## V.     Relief

The Plaintiff(s) ask this court to return all rent monies paid since inception into the HUD-VA-VASH program for forcing the Plaintiff(s) to live in conditions not fit for human beings as compensatory damages. To award punitive damages against the City of Jacksonville as they have had full knowledge of the conditions for over two years. To award tremble damages so as to make an example to the City of Jacksonville. To enjoin the Defendant(s) so as to allow the Plaintiff(s) to move to reasonable housing within the zip code of their choosing without fear of further retaliation. Any and all other such relief as deemed just and appropriate to this court.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Dated this 13 day of March, 2020

Samuel William Miller